ROWELL, by guardian *ad litem,* Respondent, vs. WOMEN's CATHOLIC ORDER OF FORESTERS, Appellant.

*March 7—April 3, 1918.*

*Life insurance: Mutual benefit association: Warranty in application: Falsity: Evidence.*

> In an action upon a policy or certificate of life insurance issued by a mutual benefit association, the evidence is *held* to show conclusively, contrary to a finding by the jury, that the assured did not fully and truthfully answer the question, in her application, as to when and for what she had sought the advice of a physician or surgeon during the three years prior to making such application.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge.   *Reversed.*

The defendant is a mutual benefit association or fraternal order incorporated under the laws of the state of Illinois and duly licensed to do business in the state of Wisconsin.   On

the 3d day of August, 1914, at Beaver Dam, Wisconsin, Kate Marsch made application for admission into said order, and in and as a part of her application warranted, among other things, that she never had, nor had ever received treatment for, rheumatism, eruptions of the skin, or swelling of feet, hands, or eyelids.    Her application contained this question: When and for what has the advice of a physician or surgeon been sought within the last three years?    Her answer was: "La grippe—one year ago."    Upon such application she was received into the order, and on the 5th day of August, 1915, a policy or certificate of insurance upon her life was issued to her by the defendant for $1,000, payable upon her death to *Caroline E. Rowell,* the plaintiff herein.    Kate Marsch died on the 15th day of January, 1915. This action was brought to recover on said policy of insurance.    Judgment was rendered in plaintiff's favor upon a special verdict of a jury, and from such judgment defendant appealed.

For the appellant there was a brief by *Hennessey, Hennessey & O'Boyle,* attorneys, and *Vincent D. Hennessey,* of counsel, all of Milwaukee, and oral argument by *Vincent D. Hennessey.*

For the respondent the cause was submitted on the brief of *Chas. C. Miller* and *James F. Malone* of Beaver Dam.

OWEN, J.    The questions litigated in the court below were whether Kate Marsch correctly warranted in her application that she had never had rheumatism, eruptions of the skin, and swelling of the feet; also whether she correctly answered the question in her application, "When and for what has the advice of a physician or surgeon been sought within the last three years?" her answer thereto being "La grippe—one year ago."    The defendant introduced evidence tending to prove that her warranties upon these questions were false. The evidence offered by the defendant was in no manner re-

butted by the plaintiff.    The evidence might well support findings to the effect that Kate Marsch had had rheumatism and eruptions of the skin.    The jury by its verdict, however, found that she had had neither.    We do not intimate whether their findings upon these questions are supported by the evidence, for the reason that, whatever doubt there may be upon these questions, there can be no doubt that their verdict upon another material question is wholly unsupported by evidence or by any conceivable reason or circumstance in the case.

The thirteenth question of the special verdict was this: "Did Kate Marsch make a full and fair disclosure of the facts inquired about in her answer to this question: 'When and for what has the advice of a physician or surgeon been sought within the last three years?'"    It will be remembered that her answer to this question given in her application was, "La grippe—one year ago."    The jury answered this question Yes.

Here is the testimony bearing upon that subject: Dr. Schoen testified that he was a physician and surgeon practicing in the city of Beaver Dam.    In the course of his practice, within three years prior to August 3, 1914, he was consulted professionally by Kate Marsch perhaps two or three, may be five or six, times at the city of Beaver Dam.    Dr. Sears testified that he was a practicing physician at Beaver Dam. Within three years prior to August 3, 1914, he was consulted professionally by Kate Marsch sixteen times between December 13, 1912, and January 10, 1913, and he made charges for those consultations.    Dr. Appleton testified that he was a practicing physician at Beaver Dam and that he was consulted by Kate Marsch professionally, being called to her home, on June 28 and 29, 1914.    Dr. Roseletta Bird testified that she was a resident of Beaver Dam, where she practiced medicine.    Kate Marsch consulted her once within three years previous to August 3, 1914, and that consultation was had somewhere in the last of June or the first of

July, 1914. Dr. Schwalbach testified that he was a resident of Juneau and a practicing physician and surgeon; that he knew Kate Marsch in her lifetime; that he was consulted by her professionally within three years prior to August 3, 1914. At that time William Volkmann, brother-in-law of Kate Marsch, was the sheriff at the Dodge county jail. The doctor's best recollection was that he called on Kate Marsch six times at the Dodge county jail and once she called on him at his office. These calls were all within a month—in about April, 1912.

If the testimony of these physicians be true, Kate Marsch did not fully and truthfully answer the question as to when or for what she had sought the advice of a physician or surgeon within the last three years previous to the making of the application. There is nothing in the record to cast the least suspicion upon the testimony of these physicians. In fact, the truthfulness of their testimony is not challenged by the respondent. She seems to rely upon the proposition that such evidence does not amount to proof of the falsity of Kate Marsch's answer to the question.

Each of these physicians was permitted to testify that he had been consulted professionally by Kate Marsch. Substantially the following question was then propounded to each: "What is the fact as to whether or not at any time you consulted Kate Marsch or Kate Marsch consulted you, professionally, you prescribed for her?" This question was objected to and the objection was sustained by the court. Appellant's attorneys seem to think the answer to this question was material to appellant's case, and respondent's attorneys seem to rely upon an absence of proof because answers in response to this question were not permitted. We do not see that answers to these questions would have added anything to the testimony already in. The question was, "When and for what had the *advice* of a physician or surgeon been sought in the last three years?"—not whether they had prescribed for her.

In her application Kate Marsch warranted that the only time that the advice of a physician or surgeon had been sought by her within the last three years was "one year ago—for la grippe." From the testimony of the physicians it conclusively appears that the advice of five physicians had been sought upon numerous occasions. In view of this testimony how can it be said, as the jury did say in its special verdict, that Kate Marsch made a full and fair disclosure of the facts inquired about by her answer to this question? The answer of the jury to the thirteenth question has nothing whatever to support it. It should have been No; and the trial court should have granted the motion of the defendant to change the answer to that question from "Yes" to "No," and rendered judgment in favor of the defendant.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing the complaint.